Justin Cilenti (GC 2321)
Peter H. Cooper (PHC 4714)
CILENTI & COOPER, PLLC
10 Grand Central
155 East 44th Street – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
E-mail: pcooper@jcpclaw.com
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JULIO CESAR POLANCO and MANUEL ELIAS CRUZ, on behalf of themselves, and others similarly situated, <br><br> Plaintiff, <br><br> -against- <br><br> MARJAN INTERNATIONAL CORP, and MORAD GHADAMIAN, individually, <br><br> Defendants. | Case No.: **19 CV 8742** <br><br> **COMPLAINT in an FLSA ACTION** <br><br> ECF Case |

Plaintiffs, Julio Cesar Polanco and Manuel Elias Cruz ("Plaintiffs"), on behalf of themselves and other similarly situated employees, by and through their undersigned attorneys, Cilenti & Cooper, PLLC, file this Complaint against Defendants, Marjan International Corp., *doing business as* "Marjan International Corp.", or any other business entity doing business as "Marjan International Corp.", located at 41 East 31st Street, New York, New York 10016 (hereinafter, "Marjan International Corp."); and Morad Ghadamian, individually, (both defendants, collectively, "Defendants"), and state as follows:

## INTRODUCTION

1. Plaintiffs, Julio Cesar Polanco and Manuel Elias Cruz, allege that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.*

("FLSA"), they are entitled to recover from the Defendants: (1) unpaid wages and minimum wages; (2) unpaid overtime compensation; (3) liquidated damages; (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

2.     Plaintiffs, Julio Cesar Polanco and Manuel Elias Cruz, further allege that, pursuant to the New York Labor Law, they are entitled to recover from the Defendants: (1) unpaid wages and minimum wages; (2) unpaid overtime compensation; (3) unpaid "spread of hours" premium for each day they worked in excess of ten (10) hours; (4) liquidated damages and statutory penalties pursuant to the New York Wage Theft Prevention Act; (5) prejudgment and post-judgment interest; and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

4.     Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5.     Plaintiffs are adult residents of Bronx County, New York.

6.     Defendant, Marjan International Corp., is a domestic corporation, organized and existing under the laws of the State of New York, with a principal place of business at 41 East 31st Street, New York, New York 10016.

7.  Upon information and belief, Defendant, Morad Ghadamian, is an owner, general manager, officer, director and/or managing agent of Marjan International Corp., whose address is unknown at this time and who participated in the day-to-day operations of Marjan International Corp, and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.A §203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with Marjan International Corp.

8.  The individual defendant, Morad Ghadamian, exercised control over the terms and conditions of his employees' employment, including Plaintiffs, in that he has and had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of the employees, and (v) otherwise affect the quality of the employees' employment.

9.  Plaintiff, Julio Cesar Polanco, has been employed by Defendants in New York County, New York, to work as a general helper at Defendants' wholesale rug importer known as "Marjan International", located at 41 East 31st Street, New York, New York, beginning in March 2017, through present.

10. Plaintiff, Manuel Elias Cruz, was employed by Defendants in New York County, New York, to work as a general helper at Defendants' wholesale rug importer known as "Marjan International", located at 41 East 31st Street, New York, New York, beginning in December 1, 2016, through April 5, 2019.

11. During the period of time relevant to the allegations herein, Marjan International Corp., located at 41 East 31st Street in Manhattan, through corporate entities, operated and operates a wholesale Oriental rug importer.

12. Defendant, Marjan International Corp., was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) has and has had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) has and has had an annual gross volume of sales of at least $500,000.

13. At all relevant times, Marjan International Corp. was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

14. At all relevant times, the work performed by Plaintiffs, Julio Cesar Polanco and Manuel Elias Cruz, was directly essential to the business operated by defendants.

15. Plaintiffs were paid by check and also in cash, and worked for the company and directly for Morad Ghadamian.

16. Defendant, Morad Ghadamian, creates and implements crucial business policies, including decisions concerning the number of hours the employees are required to work, the amount of pay that the employees are entitled to receive, and the method and manner by which the employees are to be paid.

17. The defendant corporation is owned, operated, and controlled by the individual defendant Morad Ghadamian.

18. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs lawfully earned wages, in contravention of the FLSA and New York Labor Law.

19. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs lawfully earned minium wages and overtime compensation in contravention of the FLSA and New York Labor Law.

20. At relevant times, Defendants knowingly and willfully failed to pay Plaintiffs lawfully earned "spread of hours" premiums in contravention of the New York Labor Law.

21. Plaintiffs, Morad Ghadamian, have fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

22. In March 2017, Plaintiff, Julio Cesar Polanco, was hired by Defendants to work as a general helper, at Defendants' wholesale rug importer doing business as "Marjan International" located at 41 East 31st Street, New York, New York 10016.

23. Plaintiff Julio Cesar Polanco has been continuously employed by Defendants, since March 2017 through present.

24. Plaintiff Julio Cesar Polanco is scheduled to work 8:45 a.m. through 4:45 p.m., Mondays through Fridays, but he often begins his shift one hour earlier. He also works Saturdays 10:00 a.m. to 6:00 p.m. and, for approximately one year in 2017 through May 2018, he also worked Sundays, 8:45 a.m. to 4:30 p.m.

25. At times relevant to this action, Plaintiff Julio Cesar Polanco was paid a salary at a daily rate of $65.00 per day, and given compensation, at a rate of $10.00 per hour, for "extra hours".

26. Plaintiff Julio Cesar Polanco is paid daily, not hourly or weekly.

27. Plaintiff Julio Cesar Polanco is paid cash for working weekends.

28. Plaintiff Julio Cesar Polanco does not punch a time clock, and he is not paid additional compensation when he starts his daily shift earlier than scheduled.

29. Plaintiff Julio Cesar Polanco is not paid an additional hour when he works a shift of more than ten (10) hours.

30. Plaintiff Julio Cesar Polanco is paid less than the minimum wage.

31. Plaintiff Julio Cesar Polanco is not paid time and a half the minimum wage, for hours in excess of forty (40) per week.

32. In December 2016, Plaintiff, Manuel Elias Cruz, was hired by Defendants to work as a general helper, at Defendants' wholesale rug importer doing business as "Marjan International" located at 41 East 31st Street, New York, New York 10016.

33. Plaintiff Manuel Elias Cruz was continuously employed by Defendants, between December 1, 2016 through April 5, 2019.

34. Plaintiff Manuel Elias Cruz was scheduled to work 8:45 a.m. through 4:45 p.m., Mondays through Fridays, but he often began his shift one hour earlier. He also worked Saturdays 10:00 a.m. to 6:00 p.m. and, approximately one (1) Sunday per month.

35. Plaintiff Manuel Elias Cruz was paid a salary by check and given additional cash, at a rate of $10.00 per hour.

36. Plaintiff Manuel Elias Cruz was paid a daily salary without regard to his actual working hours. He was paid for additional hours (above thirty-five (35) hours per week), at a rate of $10.00 per hour.

37. Plaintiff Manuel Elias Cruz was paid cash during most of his employment.

38. Plaintiff Manuel Elias Cruz was given checks at the end of his employment.

6

39. Plaintiff Manuel Elias Cruz did not punch a time clock, and he is not paid additional compensation when he starts his daily shift earlier than scheduled.

40. Plaintiff Manuel Elias Cruz was not paid an additional hour when he worked a shift of more than ten (10) hours.

41. Plaintiff Manuel Elias Cruz was paid less than the minimum wage.

42. Plaintiff Manuel Elias Cruz was not paid time and a half the minimum wage, for hours in excess of forty (40) per week.

43. Both Plaintiffs were paid below minimum wage and without an overtime premium for hours worked in excess of forty (40) per week.

44. Plaintiffs did not receive tips in connection with their employment.

45. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiffs and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

46. Defendants knowingly and willfully operated their business with a policy of not paying New York State "spread of hours" premiums to Plaintiffs and other similarly situated employees.

47. At all relevant times, upon information and belief, and during the course of Plaintiffs' employment, the Defendants failed to maintain accurate and sufficient time records.

48. Plaintiffs did not punch a time clock.

49. Plaintiffs were not provided with a written accounting of their pay.

7

50. Defendant, Moran Ghadamian, is an individual who, upon information and belief, owns the stock of Marjan International, owns Marjan International, and manages and makes all business decisions, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work.

## STATEMENT OF CLAIM
### COUNT I
### [Violation of the Fair Labor Standards Act]

51. Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "50" of this Complaint as if fully set forth herein.

52. At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

53. At all relevant times, Defendants employed Plaintiffs within the meaning of the FLSA.

54. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

55. Plaintiffs were entitled to be paid at the rate of time and one-half the minimum hourly rate, for all hours worked in excess of forty (40) as provided for in the FLSA.

56. Defendants failed to pay Plaintiffs, overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

Case 1:19-cv-08742-RA-KNF   Document 1   Filed 09/20/19   Page 9 of 16

57. At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiffs, for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

58. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs, at the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of overtime pay would financially injure them.

59. Defendants failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

60. Records, if any, concerning the number of hours worked by Plaintiffs and the actual compensation paid to Plaintiffs are in the possession and custody of the Defendants; but such records may be false because Plaintiffs did not record their start and finish times. Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

61. Defendants failed to properly disclose or apprise Plaintiffs of their rights under the FLSA.

9

62. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

63. Due to the intentional, willful and unlawful acts of the Defendants, Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages and overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

64. Plaintiffs are entitled to an award of his reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

65. Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "64" of this Complaint as if fully set forth herein.

66. At all relevant times, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

67. Defendants knowingly and willfully violated Plaintiffs' rights by failing to pay wages for all hours worked.

68. Defendants knowingly and willfully violated Plaintiffs' rights by failing to pay overtime compensation at rates of not less than one and one-half times the minimum hourly rate of pay, for each hour they worked in excess of forty (40) hours in a workweek.

69. Defendants knowingly and willfully violated Plaintiffs' rights by failing to pay "spread of hours" premiums to Plaintiffs for each day they worked ten (10) or more hours pursuant to New York State Department of Labor Regulations §§137-1.7; 142-2.4.

70. Due to the Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants unpaid wages, unpaid minimum wages, unpaid overtime compensation, unpaid "spread of hours" premiums, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1) *et al.* and § 198. Plaintiffs also seek liquidated damages pursuant to New York Labor Law § 663(1).

## COUNT III
### [Statutory Penalties Pursuant to the New York State Wage Theft Prevention Act]

71. Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "70" of this Complaint as if fully set forth herein.

72. Upon information and belief, Defendants' record keeping practices were intended to, and did in fact, disguise the actual number of hours the employees worked, in order to avoid paying for their full hours worked; and, any overtime due.

73. Defendants willfully disregarded and purposefully evaded record keeping requirements of the New York Labor Law by failing to maintain accurate and complete timesheets, wage notices, and payroll records.

74. Plaintiffs were not provided with a proper, written wage notice, as required by law.

75. The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, with every payment of wages, of the dates of work covered, the rate of pay and basis thereof, hours worked, gross wages, deductions, allowances, and net wages.

76. Plaintiffs were not provided with an accurate and complete wage statement as required by law.

77. Defendants' failure to provide an accurate annual wage notice entitles plaintiffs to statutory damages of fifty dollars ($50.00) per week for each work week the violation continued to occur, to a maximum of five thousand dollars ($5,000). New York Labor Law § 198(1-b).

78. Defendants' failure to provide a weekly wage statement entitles each plaintiffs to statutory damaged in the amount of two hundred fifty dollars ($250.00) for each work day the violation occurred, to a maximum of five thousand dollars ($5,000). New York Labor Law §§195(1)(a), (3); 198 (1-d).

79. Defendants failed to comply with the notice and record keeping requirements of the New York State Wage Theft Prevention Act, and as such, are liable for civil penalties, attorneys' fees, and costs.

**PRAYER FOR RELEIF**

**WHEREFORE**, Plaintiffs, Julio Cesar Polanco and Manuel Elias Cruz, on behalf of themselves and all similarly situated employees, respectfully requests that this Court grant the following relief:

(a) An award of unpaid wages, minimum wages, and overtime compensation due under the FLSA and New York Labor Law;

(b) An award of unpaid "spread of hours" premiums due under the New York Labor Law;

(c) An award of liquidated damages as a result of Defendants' knowing and willful failure to pay wages and overtime compensation pursuant to 29 U.S.C. § 216;

(d) An award of liquidated damages and statutory penalties as a result of Defendants' willful failure to pay wages, overtime compensation, and "spread of hours" premiums pursuant to the New York Labor Law;

(e) An award of prejudgment and post-judgment interest;

(f) An award of costs and expenses associated with this action, together with reasonable attorneys' fees; and,

(g) Such other and further relief as this Court determines to be just and proper.

Dated: New York, New York
September 20, 2019

By:    Respectfully submitted,

_____
Peter H. Cooper  (PHC 4714)
CILENTI & COOPER, PLLC
**Attorneys for Plaintiffs**
10 Grand Central
155 East 44th Street – 6th Floor
New York, NY 10017
Telephone  (212) 209-3933
Facsimile (212) 209-7102
E-mail: pcooper@jcpclaw.com

## NOTICE OF INTENTION TO ENFORCE MEMBER
## LIABILITY FOR SERVICES RENDERED

To:   Morad Ghadamian

PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that Julio Cesar Polanco and Manuel Elias Cruz intend to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of Marjan International Corp., for all debts, wages and / or salaries due and owing to them as laborers, servants, and / or employees of said corporations, for services performed for said corporation within six (6) years preceding the date of this notice, and have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

Dated: New York, New York
       September 20, 2019

Respectfully submitted,

By:  _____
     Peter H. Cooper  (PHC 4714)
     CILENTI & COOPER, PLLC
     **Attorneys for Plaintiff**
     10 Grand Central
     155 East 44th Street – 6th Floor
     New York, NY 10017
     Telephone (212) 209-3933
     Facsimile (212) 209-7102
     E-mail: pcooper@jcpclaw.com

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, _Julio Cesar Polanco_, am an employee currently or formerly employed by _Marjan International_, and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
_8/19_, 2019

_[signature: Julio C. Polanco]_

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, __Manuel Elias Cruz__, am an employee currently or formerly employed by __Marjan International__, and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
__8/19__, 2019

_Manuel Elias Cruz_