# CILENTI & COOPER, PLLC
ATTORNEYS AT LAW
10 Grand Central
155 East 44th Street – 6th Floor
New York, New York 10017
_____
Telephone (212) 209-3933
Facsimile (212) 209-7102

December 1, 2020

**REQUEST FOR APPROVAL OF**
**FLSA SETTLEMENT**

**BY ECF**

Honorable Ronnie Abrams, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

> Re: *Polanco et. al. v. Marjan International Corp., et. al.*
> Case No.: 19 Civ. 8742 (RA)

Dear Judge Abrams,

We are counsel for the plaintiffs in the above-captioned matter. We write jointly with defendants, to respectfully request that Your Honor approve the settlement reached in this case, and dismiss the action in its entirety with prejudice, retaining jurisdiction to enforce the parties' agreement.

**Nature of the Action and Settlement**

This is an action for unpaid wages under the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.*, ("FLSA"), and the New York Labor Law, §§ 190, *et seq.*

The case was brought by two named plaintiffs, Julio Cesar Polanco and Manuel Elias Cruz. The court never certified a collective action, and no other individuals are affected by the settlement.

Plaintiffs are individuals who worked in a warehouse of a wholesale rug importer, loading and unloading trucks and preparing rugs for sale. There was great disagreement about plaintiffs' hours and wages, and the parties conducted discovery and negotiaions during approximately one year.

We reviewed some documents produced by our clients and the defendants; their "best chance" estimated recovery based on our calculations was $45,000 for Mr. Polanco and $21,000 for Mr. Cruz, in addition to liquidated damages. Of course, there were issues of fact, such as defendant's defendants' claim that the hours alleged by plaintiffs were grossly exaggerated.

To compromise the claim, after extensive negotiations and court-annexed mediation, the parties reached a settlement of sixty thousand dollars ($60,000).

The proposed distribution of the settlement proceeds is:

- $23,000 to Julio Cesar Polanco

- $16,500 to to Manuel Elias Cruz

- $20,500 to Cilenti & Cooper, PLLC (one-third of the settlement) in satisfaction of fees and costs.

Both plaintiffs expressed satisfaction with the proposed resolution of this matter and the representation they received by our office. As proposed, the checks will be divided proportionately; attorneys will not receive their fee any earlier than the plaintiffs receive their distribution and will continue to represent the plaintiffs during the payment period.[1]

Had litigation proceeded, it is certain that attorneys' fees on both sides would have increased, but the plaintiffs themselves may not have fared significantly better by proceeding in the litigation. We submit that there other factors which favor settlement rather than proceeding to judgment. For example, as with any small defendant, plaintiff and his counsel had legitimate concerns about the collectability of a significant judgment against the defendants. *Cabrera v. Roselea Int's Services*, 2011 WL 7096634 at *4 (M.D. Fla. Dec. 30, 2011) There is always risk that a corporate defendant will have no collectable assets for this uninsured claim.

This settlement was reached as a result of arm's length negotiations between counsel who complied with the court's orders, held face to face meetings and continued with "virtual" meetings with principals and the mediator.

Counsel in this case are known to the court as versed in the prosecution and defense of wage and hour collective actions.

While the settlement does not make the plaintiffs whole as calculated, there is no question that there may be errors and problems/hurdles with plaintiffs' claim and risk in taking the case through trial. For that reason, courts properly regard the adversarial nature of a litigated FLSA case to be an indicator of the fairness of the settlement. *See*, *Aponte v. Comprehensive*

---

[1] Defense counsel has alerted plaintiffs' counsel that payments will be accelerated and made in full, upon approval of the settlement, relieving the plaintiffs of the risk of non-payment.

*Health Management, Inc.*, 2013 WL 1364147 at *4 (S.D.N.Y. 2013). Considering the risks to plaintiffs and mindful of the amounts in dispute, we respectfully submit that this settlement is fair and reasonable under the common application of such analysis.

The COVID-19 crisis makes settlement even more important, as cases are taking longer to progress, and employers and employees alike face unprecedented financial stresses.

### Litigation Risks and Possibility of Fraud or Collusion

We submit to the court that the adversarial nature of this litigation should weigh in favor of finding the proposed settlement to be fair and reasonable and not the result of overreaching on the part of the employer or some kind of collusion on the part of counsel with the owner.

The settlement is unquestionably the product of arms-length negotiations between the parties following hard fought litigation. The parties' *proposed* settlement agreement is annexed hereto as Exhibit "A". As the court can observe, the release is narrowly drawn, and there is no confidentiality provision. While the Second Circuit's ruling in *Cheeks v. Freeport Pancake House, Inc.* did not outline specific factors for approving a settlement, certain red-flag issues were identified, such as confidentiality, general releases and attorneys' fees over 40%. 796 F.3d at 206. The proposed Settlement Agreement in this case contains no such red-flags.

### Attorneys' fees

Both the FLSA and the Labor Law provide for awards of attorneys' fees and costs to plaintiffs who prevail on their claims under those statutes. *See* 29 U.S.C. § 216(b) In the case at bar, prosecution of this matter began with drafting and filing of the complaint; managing discovery; attending conferences and mediation in court; and continues with this submission.

Through present, Cilenti & Cooper, PLLC incurred over sixty (60) hours of attorney time, in addition to out-of-pocket expenses, as detailed in the attached invoice. Plaintiffs are indigent and Cilenti & Cooper, PLLC has not received any remuneration for its time, or reimbursement of its expenses.

Plaintiff's attorney Peter H. Cooper, Esq. was admitted to the Southern District of New York in July 1997. He has litigated cases from inception through disposition in New York State Supreme Court, the Appellate Divisions of the New York Supreme Court, and the Federal District Courts for the Southern and Eastern Districts of New York. He has also appeared before the New York Court of Appeals. Mr. Cooper began his career as a litigation associate with the firm Martin, Clearwater and Bell. Since 2009, he has been a partner at Cilenti & Cooper, PLLC, which focuses on employment matters. As evidenced in the attached billing records, all work performed on this matter was conducted by Peter Cooper and his assistant Tatiana Cevallos, whose billable rates are $400.00 per hour and $100.00 per hour, respectively. We respectfully submit that these rates are in line with Mr. Cooper's level of experience and a law practice located in the Southern District. Cilenti & Cooper, PLLC respectfully submits its invoice for legal services, annexed as Exhibit "B". Cilenti & Cooper, PLLC's proposed fee of $20,500,

which represents one-third of the total settlement, and a more than twenty-five percent (25%) reduction of actual fees and reimbursement of expenses were it to bill this matter on an hourly basis.

Moreover, recognizing the "significant risks" undertaken by attorneys who work on contingency, the New York State Court of Appeals has upheld contingency agreements of one-third. *See In Re: Lawrence*, 2014 WL 5430622 (NY October 28, 2014); *Castaneda v. My Belly's Playlist LLC*, No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (awarding the plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation).

We thank the court for its consideration of the case, and we do seek dismissal with the right to return only in the event a problem arises concerning enforcement of the agreement.

A proposed order of dismissal is respectfully provided as Exhibit "C".

Respectfully,

/s/ Peter Hans Cooper

Peter H. Cooper

cc: Defense counsel (Via ECF)