UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JULIO CESAR POLANCO, *et al.*,

               Plaintiffs,

         v.

MARJAN INTERNATIONAL CORP., *et al.*,

               Defendants.

```
USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED:
```

19-CV-8742 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

      Plaintiffs Julio Cesar Polanco and Manuel Elias Cruz brought this action against Defendants Marjan International Corp. and Morad Ghadamian for alleged violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). Presently before the Court is the parties' proposed settlement agreement, *see* Dkt. 32 Ex. A ("Agreement"), and fairness letter, *see* Dkt. 32 ("Fairness Letter"). The Court, having reviewed the Agreement and Fairness Letter, finds that the settlement is fair and reasonable.

      Under the terms of the Agreement, Defendants agree to pay Plaintiffs a total of $60,000 in exchange for the relinquishment of wage and hour claims. Agreement at 3. After attorneys' fees, Plaintiff Polanco will receive $23,000 and Plaintiff Cruz will receive $16,500 in damages. *Id.*; Fairness Letter at 2. This settlement amount is somewhat less than Plaintiffs' calculated "best chance" estimated recovery. *See* Fairness Letter at 2 (calculating "best chance" recovery at $45,000 and $21,000, respectively). Nonetheless, given the risks of trial, the Court finds this settlement amount reasonable. *See Beckert v. Ronirubinov*, No. 15-CV-1951 (PAE), 2015 WL 8773460, *2 (S.D.N.Y. Dec. 14, 2015) (approving a settlement of approximately 25 percent of the maximum possible recovery in light of the risks of trial).

The Court also approves the requested award of attorneys' fees and costs. "In an FLSA case, the Court must independently ascertain the reasonableness of the fee request." *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 229–30 (S.D.N.Y. 2016). A contingency fee award is presumptively valid where "the proposed fee amount is exactly one-third of the net settlement amount, which is an amount routinely approved under the percentage method" in this District. *Yunjian Lin v. Grand Sichuan 74 St Inc.*, No. 15-CV-2950 (RA), 2018 U.S. Dist. LEXIS 110266, 2018 WL 3222519, *5 (S.D.N.Y. July 2, 2018). The proposed settlement of $60,000 allocates $20,500 in fees and costs to Plaintiffs' counsel, which amounts to approximately one-third of the settlement amount. The Court thus approves the proposed attorneys' fees under the percentage of the fund method.

Finally, Plaintiffs' release of claims is also fair and reasonable. "In FLSA cases, courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" *Gurung*, 226 F. Supp. 3d at 228 (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)). The release in this case is limited to Plaintiffs' claims "arising out of or related to those matters that are the subject of the above-referenced lawsuit, *i.e.*, The Fair Labor Standards Act and the New York Labor Law, and in particular any claim for unpaid wages, minimum wages, overtime compensation, spread of hours premiums, liquidated damages, statutory penalties, and other related penalties." See Agreement at 4. This only releases wage and hour claims under FLSA and NYLL arising from Plaintiffs' prior employment by Defendants, not all past or future claims by Plaintiffs against Defendant.

## CONCLUSION

For the reasons stated above, the Court approves the Agreement. The Court will retain jurisdiction as requested, Fairness Letter at 1, for the limited purpose of enforcing the Agreement.

The Court dismisses this action with prejudice. The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated:   January 15, 2021
        New York, New York

_____
RONNIE ABRAMS
United States District Judge